UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAUL ALVAREZ, HOLGUER CAJAMBE, JICKSON CAMPOVERDE, ANTONIO CASTRO, ASAEL DAVILA, LUIS DE LA CRUZ, SANTOS MENDOZA, NELSON PALAJUACHI, PABLO SALDOVIAGA, CLAUDIO SANCHEZ, HUGO SANCHEZ, and ALEX ZUMBANA, individually and in behalf of all other persons similarly situated,<br><br>　　　　　　Plaintiffs,<br><br>　　–against–<br><br>ACNY DEVELOPERS INC., DEFALCO CONSTRUCTION INC, WILLIAM M. KUKIELKA, and MICHAEL C. FALCO, jointly and severally,<br><br>　　　　　　Defendants. | 22 CV 7949 (PGG) (JW) |

**FIRST AMENDED COMPLAINT AND JURY DEMAND**

1. The plaintiffs, in behalf of other similarly situated current and former employees of the defendants who consent to become party plaintiffs, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), allege that the defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and the defendants are liable to the plaintiffs and party plaintiffs for unpaid or underpaid (1) minimum wages, (2) overtime compensation, and such other relief available by law.

2. The plaintiffs further allege, pursuant to N.Y. Lab. Law §§ 198(1-a) and 663(1), that the defendants violated the Minimum Wage Act, N.Y. Lab. Law § 650, *et seq.*, and section 191 of the New York Labor Law, and the defendants are liable to the plaintiffs for unpaid or underpaid (1) minimum wages, (2) overtime compensation, (3) wages not timely paid, and such other relief available by law.

1

3. The plaintiffs further allege, pursuant to the Wage Theft Prevention Act, N.Y. Lab. Law § 198(1-b)–(1-d), that the defendants violated the same, N.Y. Lab. Law § 195(1)–(3), and that the plaintiffs should be awarded of the defendants statutory damages, injunctive relief, and such other relief available by law.

## JURISDICTION AND VENUE

4. Jurisdiction of this action is conferred upon the Court by the Fair Labor Standards Act, 29 U.S.C. § 216(b), and further by 28 U.S.C. §§ 1331 and 1337.

5. Jurisdiction over all other claims is within the supplemental jurisdiction of the Court pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391. The parties reside where set forth herein. A substantial part of the events or omissions giving rise to the claims alleged herein occurred in the judicial district of this Court.

## PARTIES

7. The plaintiffs, Paul Alvarez, Holguer Cajambe, Jickson Campoverde, Antonio Castro, Asael Davila, Luis De La Cruz, Santos Mendoza, Nelson Palajuachi, Pablo Saldoviaga, Claudio Sanchez, Hugo Sanchez, and Alex Zumbana, are and were at all relevant times adults residing in New York.

8. The defendant ACNY Developers Inc. is and was at all relevant times a New York business corporation with its office in New York County.

9. The defendant DeFalco Construction Inc is and was at all relevant times a New York business corporation with its office in Bronx County.

10. Upon information and belief, the defendant William M. Kukielka is and was at all relevant times an adult residing in New York County.

11. Upon information and belief, the defendant Michael C. Falco is and was at all relevant times an adult residing in Duchess County.

## COLLECTIVE ACTION ALLEGATIONS

12. Pursuant to 29 U.S.C. § 216(b), the plaintiffs commence this action as to the plaintiffs' claims arising under the Fair Labor Standards Act as a collective action in behalf of all similarly situated current and former employees of the defendants at any time since three years before the date of this complaint to the entry of judgment in this action who consent to become party plaintiffs.

13. The plaintiffs and the putative party plaintiffs have had substantially similar jobs and compensation and have been subject to the defendants' common policies and practices of willfully violating the Fair Labor Standards Act as set forth in this complaint. The claims of the plaintiffs stated herein are similar to those of the putative party plaintiffs.

## STATEMENT OF FACTS

14. At all relevant times, the defendants' business is construction.

15. Upon information and belief, at all relevant times, the defendant William M. Kukielka was an owner, shareholder, officer, or manager of the defendants' business.

16. Upon information and belief, at all relevant times, the defendant William M. Kukielka was an individual who actively participated in the business of the defendants, exercised substantial control over the functions of the employees of the defendants, including the plaintiffs and party plaintiffs, and acted directly or indirectly in the interest of an employer.

17. Upon information and belief, at all relevant times, the defendant William M. Kukielka had the capacity on behalf of the defendants to establish the wages and hours of the employees of the defendants.

18. Upon information and belief, at all relevant times, the defendant Michael C. Falco was an owner, shareholder, officer, or manager of the defendants' business.

19. Upon information and belief, at all relevant times, the defendant Michael C. Falco was an individual who actively participated in the business of the defendants, exercised substantial control over the functions of the employees of the defendants, including the plaintiffs and party plaintiffs, and acted directly or indirectly in the interest of an employer.

20. Upon information and belief, at all relevant times, the defendant Michael C. Falco had the capacity on behalf of the defendants to establish the wages and hours of the employees of the defendants.

21. The defendants are associated and are joint employers, act in the interest of each other with respect to the employees of the defendants, have common policies and practices as to wages and hours, and share control over the defendants' employees.

22. The defendants employed the plaintiffs approximately from September 20 until October 10, 2021.

23. The defendants employed the plaintiffs as construction workers.

24. The plaintiffs worked for the defendants approximately 40 hours per week but worked 48 hours during the workweek ending on October 3, 2021.

25. The defendants promised to pay the plaintiffs $30.00 per hour.

26. From September 20, 2021, to October 10, 2021, the defendants paid the plaintiffs no wages.

27. The plaintiffs, during their employment by the defendants, handled materials that moved in interstate commerce from without to within the state of New York.

28. The defendants willfully failed to pay the plaintiffs and party plaintiffs the applicable minimum wage.

29. The plaintiffs and party plaintiffs worked more than forty hours each workweek, yet the defendants willfully failed to pay the plaintiffs and party plaintiffs overtime compensation of one and one-half times their regular rate of pay.

30. The defendants failed to pay the plaintiffs their wages timely and weekly.

31. The defendants failed to provide the plaintiffs with a notice and acknowledgment at the time of hiring.

32. The defendants failed to provide the plaintiffs with a statement with each payment of wages.

33. Upon information and belief, while the defendants employed the plaintiffs and party plaintiffs, the defendants failed to post or keep posted notices explaining the minimum wage rights of employees under the Fair Labor Standards Act and the New York Labor Law, and the plaintiffs and party plaintiffs were uninformed of their rights during such times.

34. Upon information and belief, while the defendants employed the plaintiffs and party plaintiffs, the defendants failed to maintain accurate and sufficient records.

**FIRST CLAIM FOR RELIEF:**
**FAIR LABOR STANDARDS ACT**

35. The plaintiffs, on behalf of the plaintiffs and party plaintiffs, reallege and incorporate by reference paragraphs 1 through 34 as if they were set forth again herein.

36. At all relevant times, the defendants, employers, employed the plaintiffs and party plaintiffs, employees, within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d), (e)(1), and (g).

37. The business activities of the defendants are related and performed through unified operation or common control for a common business purpose and constitute an enterprise, within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(r).

38. The enterprise of the defendants employs employees engaged in commerce or in the production of goods for commerce, or in handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(s)(1)(A)(i).

39. Upon information and belief, at all relevant times, the enterprise of the defendants has had an annual gross volume of sales made or business done not less than of $500,000, exclusive of separate retail excise taxes, within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(s)(1)(A)(ii).

40. Therefore, upon information and belief, at all relevant times, the plaintiffs and party plaintiffs have been employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(s)(1)(A).

41. The defendants in many workweeks willfully and repeatedly violated the Fair Labor Standards Act, 29 U.S.C. §§ 206 and 215(a)(2), by failing to pay the plaintiffs and party plaintiffs the minimum wage applicable under the Fair Labor Standards Act, 29 U.S.C. § 206.

42. The defendants in many workweeks willfully and repeatedly violated the Fair Labor Standards Act, 29 U.S.C. §§ 207 and 215(a)(2), by failing to pay the plaintiffs and party plaintiffs at a rate not less than one and one-half times the regular rate of pay for work performed more than forty hours in a workweek.

43. By 29 U.S.C. § 216(b), the defendants are liable to the plaintiffs and party plaintiffs for unpaid or underpaid (1) minimum wages and (2) overtime compensation.

44. The defendants failed to post notices of the defendants' employees' rights under the law, required by 29 C.F.R. § 516.4.

45. Because of the defendants' failure to post notices of the defendants' employees' rights under the law, the plaintiffs and party plaintiffs are entitled to the equitable tolling of their claims during the time that the defendants failed to post such notices.

46. The foregoing conduct, as alleged, constitutes a willful violation of the Fair Labor Standards Act, within the meaning of the Portal-to-Portal Act, 29 U.S.C. § 255(a).

47. The plaintiffs and party plaintiffs are further entitled to recover of the defendants an equal amount as liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

**SECOND CLAIM FOR RELIEF:**
**MINIMUM WAGE ACT**

48. The plaintiffs reallege and incorporate by reference paragraphs 1 through 47 as if they were set forth again herein.

49. At all relevant times, the defendants engaged in construction, within the meaning of the Construction Industry Fair Play Act, N.Y. Lab. Law § 861-b(1).

50. At all relevant times, the defendants were contractors, within the meaning of the Construction Industry Fair Play Act, N.Y. Lab. Law § 861-b(2–3).

51. At all relevant times, the defendants, employers, employed the plaintiffs, employees, within the meaning of the New York Labor Law, §§ 2(5)–(7) and 190(2)–(3), the Minimum Wage Act, § 651(5)–(6), the Construction Industry Fair Play Act, § 861-c, and N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.14.

52. The applicable minimum wage was $15.00 per hour pursuant to N.Y. Lab. Law § 652 and N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.1.

53. The defendants violated the plaintiffs' rights by failing to pay or underpaying the plaintiffs the required minimum wage, in violation of N.Y. Lab. Law § 652 and N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.1.

54. The defendants violated the plaintiffs' rights by failing to pay or underpaying the plaintiffs overtime compensation at a rate not less than one and one-half times the plaintiffs' regular rate of pay for the hours the plaintiffs worked more than forty per workweek, in violation of N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2.

55. By N.Y. Lab. Law §§ 198(1-a) and 663(1), the defendants are liable to the plaintiffs for unpaid or underpaid (1) minimum wages and (2) overtime compensation.

56. The plaintiffs are further entitled to recover of the defendants liquidated damages pursuant to the Wage Theft Prevention Act, N.Y. Lab. Law § 198(1-a), and the Minimum Wage Act, N.Y. Lab. Law § 663(1).

57. The defendants failed to post notices of the defendants' employees' rights under the law, required by N.Y. Lab. Law § 661 and N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.8.

58. Because of the defendants' failure to post notices of the defendants' employees' rights under the law, the plaintiffs are entitled to the equitable tolling of the plaintiffs' claims during the time that the defendants failed to post such notices.

**THIRD CLAIM FOR RELIEF:**
**FAILURE TO TIMELY PAY WAGES**

59. The plaintiffs reallege and incorporate by reference paragraphs 1 through 56 as if they were set forth again herein.

60. At all relevant times, the defendants employed the plaintiffs as manual workers, within the meaning of the New York Labor Law, § 190(4).

8

61. The defendants have no authorization from the New York Department of Labor, pursuant to the New York Labor Law, § 191(1)(a)(ii), to pay any of the plaintiffs less frequently than weekly.

62. The defendants failed to pay the plaintiffs the plaintiffs' wages weekly and not later than seven calendar days after the end of the week in which the wages were earned, in violation of section 191(1)(a) of the New York Labor Law.

63. By N.Y. Lab. Law § 198(1-a), the defendants are liable to the plaintiffs for wages not timely paid.

64. The plaintiffs are further entitled to recover of the defendants liquidated damages pursuant to the Wage Theft Prevention Act, N.Y. Lab. Law § 198(1-a).

### FOURTH CLAIM FOR RELIEF: WAGE THEFT PREVENTION ACT

65. The plaintiffs reallege and incorporate by reference paragraphs 1 through 62 as if they were set forth again herein.

66. The defendants failed to furnish to the plaintiffs, at the time of hiring, a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; any doing business as names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the Wage Theft Prevention Act, N.Y. Lab. Law § 195(1).

67. Due to the defendants' violation of the Wage Theft Prevention Act, N.Y. Lab. Law § 195(1), the plaintiffs should be awarded of the defendants statutory damages of $50.00 per

9

workweek that the violation occurred, up to a maximum of $2,500.00, until February 26, 2015, and statutory damages of $50.00 per workday that the violation occurred, up to a maximum of $5,000.00, thereafter, pursuant to N.Y. Lab. Law § 198(1-b).

68. The defendants failed to furnish to the plaintiffs with each wage payment a statement listing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of the Wage Theft Prevention Act, N.Y. Lab. Law § 195(3) and N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.7.

69. Due to the defendants' violation of the Wage Theft Prevention Act, N.Y. Lab. Law § 195(3) and N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.7, the plaintiffs should be awarded of the defendants statutory damages of $100.00 per workweek that the violation occurred, up to a maximum of $2,500.00, until February 26, 2015, and statutory damages of $250.00 per workday that the violation occurred, up to a maximum of $5,000.00, thereafter, pursuant to N.Y. Lab. Law § 198(1-d).

70. Further, the defendants, including the defendants' officers, agents, employees, and those persons in active concert or participation with the defendants, should be permanently enjoined from violating the Wage Theft Prevention Act, § 195(1)–(3), pursuant to the same, N.Y. Lab. Law § 198(1-b)–(1-d).

## FIFTH CLAIM FOR RELIEF:
## DECLARATORY RELIEF

71. The plaintiffs reallege and incorporate by reference paragraphs 1 through 68 as if they were set forth again herein.

72. Pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02, and Rule 57 of the Federal Rules of Civil Procedure, the plaintiffs may obtain declaratory relief.

73. The defendants violated the Fair Labor Standards Act, Minimum Wage Act, section 191 of the New York Labor Law, and the Wage Theft Prevention Act.

74. It is in the public interest to have these declarations of rights recorded.

75. A declaratory judgment serves the useful purpose of clarifying and settling the legal issues in this action.

76. A declaratory judgment would terminate and afford relief from uncertainty, insecurity, and controversy giving rise to this action.

## PRAYER FOR RELIEF

77. Wherefore, the plaintiffs, on behalf of the plaintiffs and party plaintiffs, pray this Court grant as relief:

    a. designation of this action as a collective action in behalf of the party plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated putative party plaintiffs, apprising them of the pendency of this action, permitting them to assert timely claims under the Fair Labor Standards Act in this action by filing individual consents to become party plaintiffs pursuant to 29 U.S.C. § 216(b) and appointing the plaintiffs and the plaintiffs' attorneys to represent the party plaintiffs;

  b. a declaratory judgment that the practices complained of herein are unlawful under the Fair Labor Standards Act, the Minimum Wage Act, section 191 of the New York Labor Law, and the Wage Theft Prevention Act;

  c. an award of unpaid or underpaid (1) minimum wages and (2) overtime compensation, due under the Fair Labor Standards Act;

  d. an award of liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b);

  e. an award of unpaid or underpaid (1) minimum wages and (2) overtime compensation, due under the Minimum Wage Act;

  f. an award of wages not timely paid, due under section 191(1)(a) of the New York Labor Law;

  g. an award of liquidated damages pursuant to the Wage Theft Prevention Act, N.Y. Lab. Law § 198(1-a), and the Minimum Wage Act, N.Y. Lab. Law § 663(1);

  h. an award of statutory damages for the defendants' violation of the Wage Theft Prevention Act, N.Y. Lab. Law § 195(1)–(3), pursuant to the same, N.Y. Lab. Law § 198(1-b)–(1-d);

  i. a permanent injunction restraining the defendants, including the defendants' officers, agents, employees, and those persons in active concert or participation with the defendants, from violating the Wage Theft Prevention Act, N.Y. Lab. Law § 195(1)–(3), pursuant to the same, N.Y. Lab. Law § 198(1-b)–(1-d);

  j. if liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), are not awarded, an award of prejudgment interest pursuant to 28 U.S.C. § 1961;

  k. an award of prejudgment interest pursuant to the New York Civil Practice Law and Rules, §§ 5001–02;

  l. an award of postjudgment interest pursuant to 28 U.S.C. § 1961 and/or the New York Civil Practice Law and Rules, § 5003;

  m. an award of the attorney's fees, costs, and further expenses up to fifty dollars, of this action, pursuant to 29 U.S.C. § 216(b), and N.Y. Lab. Law §§ 198(1)–(2) and 663(1); and

  n. such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the plaintiffs, on behalf of the plaintiffs and party plaintiffs, demand a trial by jury on all questions of fact raised by the complaint.

          Law Office of Justin A. Zeller, P.C.

          _____
          Brandon D. Sherr
          bsherr@zellerlegal.com
          Justin A. Zeller
          jazeller@zellerlegal.com
          277 Broadway, Suite 408
          New York, N.Y. 10007-2036
          Telephone: (212) 229-2249

Dated: New York, New York   Facsimile: (212) 229-2246
    April 26, 2023      *Attorneys for plaintiffs*