The Ziskin Law Firm, LLP
6268 Jericho Turnpike, Suite 12A
Commack, New York 11725
631-462-1417 (Tel)
631-462-1486 (Fax)
richard@ziskinlawfirm.com

Robert M. Ziskin (1938-2018)
Richard B. Ziskin
Suzanne Harmon Ziskin

October 20, 2023

United States District Court
Southern District of New York
40 Foley Square, Room 425
New York, NY 10007
Att: Hon. Jennifer E. Willis, United States Magistrate Judge

Re: Case 1:22-cv-07949-JGLC-JW Castro v. ACNY Developers Inc. et al.

Dear Judge Willis:

This firm represents Defendants' ACNY Developers, Inc. and William M. Kukielka (the "ACNY Defendants") in the above-referenced action.

The Plaintiffs' Complaint alleges that they are current and former employees of all named defendants and that all defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., and the defendants are liable to the Plaintiffs for unpaid or underpaid (1) minimum wages, (2) overtime compensation, and (3) such other relief available by law. The Plaintiffs further allege pursuant to N.Y. Lab. Law §§ 198(1-a) and 663(1), that all Defendants violated the Minimum Wage Act, N.Y. Lab. Law § 650, et seq., and section 191 of the New York Labor Law, and that all Defendants are liable to the plaintiff for unpaid or underpaid (1) minimum wages, (2) overtime compensation, (3) wages not timely paid, and (4) such other relief available by law.

In short, the ACNY Defendants deny that Plaintiffs were employed by the ACNY Defendants (as defined by the FLSA and/or the NYLL), whether separately or jointly with Co-Defendants DeFalco Construction, Inc. and/or Michael C. Falco.

The ACNY Defendants write pursuant to Rule II.A. of your Honor's Individual Rules to seek to compel Plaintiffs to produce information required by Rule 26(a)(1)(A)(II) of the Federal Rules of Civil Procedure. In addition, Plaintiffs have not produced an initial set of relevant documents which is contrary to paragraph five (%) of the parties' "So Ordered" Case Management Plan and Report of Rule 26(f) Meeting (Docket Entry # 46).

1

The undersigned, on behalf of the ACNY Defendants, reached out to counsel for Plaintiffs numerous times via email to resolve this issue and also scheduled a meet and confer with Plaintiffs' counsel on October 10th. On October 10th, the undersigned participated in a telephone conversation with Plaintiffs' counsel Brandon Sherr. During this call Mr. Sherr stated that he had been under the weather and that his firm would provide Plaintiffs' Disclosure Statement and related information by no later than October 11th. Having not received Plaintiffs' disclosure statement or related information as of Monday October 16th I again reached out again to Plaintiffs' counsel. On Tuesday October 17th Brandon Sherr emailed Plaintiffs' Initial Disclosure Statement, but failed to provide an initial set of relevant documents as required under the CMP.

Plaintiffs' Initial Disclosures as set forth below only identifies the following:

**Description by Category and Location of All Documents, Electronically Stored Information, and Tangible Things in Possession, Custody, or Control of Plaintiff and which Plaintiff May Use to Support Claims or Defenses, Unless Solely for Impeachment**

"SMS, in plaintiffs' possession on their respective cellular devices".

However, to date the Plaintiffs have failed to produce the information described in their disclosure statement.

Additionally, Plaintiffs' Initial Disclosures for each individual Plaintiff also includes the following statement:

- "The above-named individual has knowledge regarding the amount of hours the plaintiffs worked for the defendants and amounts paid by the defendants, and pertaining to the defendants' failure to comply with federal and New York labor laws."

However, to date the Plaintiffs have failed to produce any information to support the above referenced statement. Plaintiffs' disclosures failed to include the production of any documentation, including information that might have included a (a) description of the period of time Plaintiffs allegedly worked for the Defendants; (b) Plaintiffs' job title, description of job duties, and name of immediate supervisor; and (c) an accounting of Plaintiffs' claims, including dates, regular hours worked, over-time hours worked, pay received versus pay claimed, and other compensation.

In addition to the meet and confer telephone call on October 10th, I sent emails requesting production of this information on 9/26, 928, 10/5, 10/10, 1015 and again on 10/17 after Plaintiffs' Initial Disclosures failed to include a relevant set of documents.

As of the date of this filing, Plaintiffs' counsel has failed to respond or otherwise produce the information required in the parties' CMP.

The ACNY Defendants maintain that the Court should compel Plaintiffs' responses given the deadlines previously set by the Court. The ACNY Defendants respectfully request that the Court issue an Order requiring Plaintiffs to produce an initial set of relevant documents identified in its Initial Disclosures.

I thank the Court for its time and attention to this matter.

                                                          Very truly yours,

                                                          *Richard B. Ziskin*

                                                          Richard B. Ziskin

---

This request is DENIED without prejudice to renewal. The Parties are directed to meet and confer in good faith and provide a status update letter on this issue by November 20, 2023.  SO ORDERED.

*Jennifer E. Willis*
_____
Jennifer E. Willis
United States Magistrate Judge

November 8, 2023

3