# JUSTIN A. ZELLER, P.C.

JUSTIN A. ZELLER
JAZELLER@ZELLERLEGAL.COM

BRANDON D. SHERR
BSHERR@ZELLERLEGAL.COM

TELEPHONE: 212.229.2249
FACSIMILE: 212.229.2246

*Via ECF*

Hon. Jennifer E. Willis, United States Magistrate Judge
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse

Re: *Castro v. ACNY Developers Inc. et al*, 22-CV-7949 (JGLC) (JW)

> This request is GRANTED.
>
> SO ORDERED.
>
> /s/ Jennifer E. Willis
> Jennifer E. Willis
> United States Magistrate Judge
>
> September 27, 2024

Your Honor:

This firm represents the plaintiffs in the above-referenced action. This is pursuant to the Court's May 23, 2024, order. The plaintiffs move, with the defendants' consent, to extend the time to serve requests for admissions from March 1 to August 30, 2024, for depositions from March 15 to August 30, 2024, for fact discovery from April 5 to September 30, 2024, and for expert discovery from May 6 to October 31, 2024, pursuant to Rule 6(b) and 16(b)(4) of the Federal Rules of Civil Procedure. There have been two such prior motions.

Ten of the twelve plaintiffs have served amended answers and responses to the ACNY defendants' interrogatories, and I am waiting for executed verifications from Mr. Mendoza and Mr. Davila. In the case of Mr. Davila, he is presently in Mexico and his Internet and telephone has not been reliable. I expect to serve the verified documents as soon as possible, and I do not expect the contents to change.

The ACNY defendants continue their request for an informal conference pursuant to Your Honor's Individual Rules as they seek permission to move for dismissal of the Amended Complaint as well as sanctions against Plaintiffs and Plaintiffs' counsel, pursuant to Rule 37(b)–(c) of the Federal Rules of Civil Procedure, 28 U.S.C. § 1927, and the Court's inherent powers. The defendants' principal argument in support of dismissal and sanctions is the plaintiffs' failure and refusal to comply with the Court's order issued on April 5, 2024. (ECF no. 68) In this regard, (i) the defendants have not received verified interrogatory answers for the two plaintiffs set forth above and (ii) the plaintiffs' verified interrogatory answers for the ten plaintiffs are deficient pursuant to Rule 33(b)(4) of the Federal Rules of Civil Procedure as the Plaintiffs waived their time to object to Defendants' Interrogatories. Here, each plaintiff that provided their responses to the Interrogatories, objected to and did not provide answers to Interrogatories numbered 1, 14, 15, 16 and 19.

In addition, the ACNY defendants' initial request (ECF no. 66) and subsequent request (ECF no. 72) for an informal conference under Local Rule 37.2, also addressed plaintiffs' failure to provide Document Responses for each individual plaintiff and more significantly the plaintiffs' Document Response failed to indicate which particular plaintiffs possesses discoverable documents.

Hon. Willis, June 12, 2024, page 2

Plaintiffs' Document Response also failed to identify which plaintiffs had produced discoverable documents as limited documents were previously produced by plaintiffs' counsel.

The plaintiffs maintain that the objections made in the amended interrogatory answers were also made in the original answers; that the Court's order did not limit the plaintiffs from objecting; that the objections are appropriate; that the plaintiffs have provided complete answers to the unobjectionable parts of the interrogatories; that the defendants would gain no additional germane information if the objections were overruled, while it would be burdensome for the plaintiffs to have to furnish the irrelevant and duplicative information the objections reasonably limit; that the defendants have neither made any arguments concerning the actual merits of the objections nor conferred with the plaintiffs about the same, either at the time the original answers were served or now.

Concerning the request for production of documents, the plaintiffs produced three ZIP files in response to the defendants' request, "Alvarez, emails"; "Alvarez, files from smartphone"; and "Castro, files from smartphone." These labels clearly identify which plaintiff was the source and where specifically the files came from. Subject to the objections, the plaintiffs are aware of no other responsive documents in their possession.

I sought in my May 16, 2024, letter motion to extend my time to file the amended complaint to correct the prior filing marked deficient by the clerk, and ask whether I may do so. I am prepared to refile the document as soon as the Court grants leave. The defendants consent to this request.

The parties are aware of some pending discovery issues, will be meeting and conferring about them and, if they cannot be resolved, addressing them to the Court separately.

I thank the Court for its time and consideration.

Respectfully submitted,

Brandon D. Sherr