# ANDERSON KILL P.C.

**7 TIMES SQUARE, 15TH FLOOR / NEW YORK, NY 10036 / 212.278.1000 / www.andersonkill.com**

Jason  Kosek, Esq.
jkosek@andersonkill.com
212.278.1028

*VIA ECF*                                                                                           June 22, 2026

Hon. Jennifer E. Willis
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

> **Re:**   ***Alvarez, et al. v. ACNY Developers Inc., et al.*, No. 22-cv-7949
> (JGLC) (JW)**

Dear Judge Willis:

We represent Defendants Defalco Construction Inc. and Michael C. Falco (together, "Defalco"). Defalco requests an informal conference under Your Honor's Individual Rules and Local Civil Rule 37.2. Plaintiffs failed to comply with this Court's Amended Case Management Plan. They served no timely discovery responses, and they have produced no documents. This letter supplements our June 9, 2026 letter.

The record follows.

1.  The Court's Amended Case Management Plan set the discovery schedule. ECF No. 111. Defalco served its First Request for the Production of Documents on Plaintiffs on April 7, 2026 (the "Demand"). Plaintiffs' responses were due June 5, 2026.

2.  June 5 passed. Plaintiffs served no responses and produced no documents.

3.  On June 6, 2026, we emailed Plaintiffs' counsel and demanded production. Plaintiffs did not respond.

4.  On June 8, 2026, we emailed again and advised that we would seek the Court's intervention. Plaintiffs responded. They confirmed that they had not timely responded to the Demand and that they have no responsive documents.

5.  On June 9, 2026, Plaintiffs served a response to the Demand. They produced no new documents.

At the March 25, 2026 conference, Defalco asked Plaintiffs to produce documents supporting their claim that Defalco is a proper party. On the record, and in later communications, Plaintiffs

**ANDERSON KILL P.C.**

Hon. Jennifer E. Willis
June 9, 2026
Page 2

represented that they would produce those documents in discovery. Plaintiffs produced nothing. To date, no party has produced any document supporting any claim that Defalco is liable for Plaintiffs' alleged injuries.

Plaintiffs previously represented that discovery would let them establish their facts. They now claim they meant only the discovery they would obtain from ACNY or Foremost, not documents they would produce. That position does not save their claims. Discovery is not intended to function as a fishing expedition. *See K.A. v. City of New York*, No. 16-CV-4936 (LTS) (KNF), 2021 WL 5889254, at *2 (S.D.N.Y. Dec. 13, 2021) (denying discovery before the filing of an amended complaint because it "would undermine the purpose of [Rule] 12(b)(6)"); *In re Alper Holdings, Inc.*, 398 B.R. 736, 754 (S.D.N.Y. 2008) (discovery unwarranted where it would function as a "fishing expedition for evidence in search of a theory that has yet to be asserted"); *Bussey v. Phillips*, 419 F. Supp. 2d 569, 591 (S.D.N.Y. 2006) ("Discovery is not intended to be a fishing expedition."). To date, no party has produced any document supporting any claim that Defalco is liable for Plaintiffs' alleged injuries.

Defalco requests a conference under Your Honor's Individual Rules for leave to move to dismiss the Amended Complaint and for sanctions against Plaintiffs and Plaintiffs' counsel under Federal Rules of Civil Procedure 37(b) and 37(c), 28 U.S.C. § 1927, and the Court's inherent power. Defalco's principal argument is straightforward. Plaintiffs have failed and refused to comply with this Court's orders, and they have admitted that they hold no documents substantiating their claims against Defalco.

Defalco has met and conferred in good faith. Plaintiffs have no basis to keep Defalco in this lawsuit, and are merely hoping that their fishing expedition results in a "claim." The dispute remains unresolved.

Sincerely,

*Jason Kosek*

Jason Kosek

cc:        All counsel of record (via ECF)

**ANDERSON KILL P.C.**

Hon. Jennifer E. Willis
June 9, 2026
Page 3